United States District Court
Southern District of Texas
**ENTERED**
August 06, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| GLENWOOD TYRON HAMMONS, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 6:19-CV-61 |
| | § | |
| LORIE  DAVIS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner, Glenwood Tyron Hammons (#2017942), is a Texas state prisoner currently incarcerated in the Estelle Unit of the Texas Department of Criminal Justice, Institutional Division in Huntsville, Texas.  Proceeding *pro se*, he filed the pending petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on August 13, 2018 challenging his 2015 Victoria County possession of a controlled substance conviction.[1] (D.E. 1).  Respondent filed a Motion for Summary Judgment with Brief in Support on September 25, 2019 to which Petitioner filed a response on January 10, 2020.  (D.E. 11 and D.E. 18).  On July 6, 2020, this case was reassigned to United States District Judge Drew Tipton and was referred to the undersigned on July 23, 2020.  (D.E. 19 and D.E. 20).  For the reasons stated below, it is respectfully recommended that Respondent's

---

[1]The petition was signed on August 13, 2018, and received by the Court on August 21, 2018. *Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998) (A *pro se* prisoner's "habeas corpus petition should be deemed filed when the petition is handed over to prison authorities for mailing.")

Motion for Summary Judgment be **GRANTED** and Petitioner's claim for habeas corpus relief be **DISMISSED**.  (D.E. 11).

## I.   JURISDICTION

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241 and 2254.  A habeas action may be filed either in the district where petitioner is in custody or in the district in which petitioner was convicted. 28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).  Jurisdiction is proper in this Court because Petitioner was convicted in Victoria County, Texas, which is within the Southern District of Texas.  28 U.S.C. § 124(b)(5); 28 U.S.C. § 2241(d); *Wadsworth*, 235 F.3d at 961.

## II.   BACKGROUND[2]

On August 11, 2015, after a jury trial, Petitioner was convicted of possession of a controlled substance in the 377th District Court of Victoria County, Texas, Case Number 14-05-27973-D, and sentenced to 25 years imprisonment.  (D.E. 12-20, Pages 73-75). Petitioner's conviction was affirmed by the Thirteenth Court of Appeals on January 19, 2017.  (D.E. 12-4).  The Texas Court of Criminal Appeals ("TCCA") refused Petitioner's petition for discretionary review ("PDR") on February 7, 2018.  *Hammons v. State*, No. 13-15-00419-CR, 2017 WL 219114 (Tex. App.-Corpus Christi-Edinburg, Jan. 19, 2017, pet. ref'd).   Petitioner filed an application for a state writ of habeas corpus on March 22, 2018 which was denied without written order by the TCCA on June 6, 2018.  (D.E. 12-38

---

[2]Respondent has included additional procedural background information which the undersigned has reviewed and discusses later in this Memorandum and Recommendation ("M & R").  (D.E. 11, Pages 3-4).

and D.E. 12-39, Page 22).  Petitioner filed the pending federal habeas action on August

13, 2018.  (D.E. 1).

## III.   APPLICABLE LEGAL STANDARDS

### A.   Summary Judgment

In deciding a motion for summary judgment, the district court must determine

whether the pleadings, discovery materials, and the summary judgment evidence show

there is no genuine issue as to any material fact and that the moving party is entitled to

judgment as a matter of law.  Fed. R. Civ. P. 56.  Once the movant presents a properly

supported motion for summary judgment, the burden shifts to the non-movant to show

with significant probative evidence the existence of a genuine issue of material fact.

*Hamilton v. Segue Software, Inc.,* 232 F.3d 473, 477 (5th Cir. 2000).

Generally, Rule 56 of the Federal Rules of Civil Procedure, which governs

summary judgment procedure, applies with equal force to federal habeas corpus cases.

*Clark v. Johnson*, 202 F.3d 760, 764-65 (5th Cir. 2000) (citations omitted); *see also* Fed.

R. Civ. P. 81(a)(4) ("These rules apply to proceedings for habeas corpus…").  However,

Rule 56 applies only to the extent that it does not conflict with the federal rules governing

habeas proceedings.  *Smith v. Cockrell,* 311 F.3d 661, 668 (5th Cir. 2002), *overruled on*

*other grounds by Tennard v. Dretke,* 542 U.S. 274 (2004).  Accordingly, § 2254(e)(1),

mandating that a state court's findings are presumed to be correct, overrides the summary

judgment rule that all disputed facts must be construed in the light most favorable to the

non-movant.  *Smith*, 311 F.3d at 668.  Unless a petitioner can rebut the presumption of

correctness of a state court's factual findings by clear and convincing evidence, such findings must be accepted as correct by the federal habeas court.  § 2254(e)(1); *Id.*

### B.    Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") 28 U.S.C. §2254

Federal habeas corpus petitions are governed by the AEDPA.  Relief shall not extend to a prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States."    28 U.S.C. § 2241(c)(3) & § 2254(a); *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993).  Under AEDPA, a state prisoner may not obtain relief with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:

> (a) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (b) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by the U.S. Supreme Court on a question of law or if the state court decides a case differently than the Court on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Court's decisions but unreasonably applies the principle to the facts of the prisoner's case.  *Williams v. Taylor*, 529 U.S. 362, 412-413 (2000).  Although "unreasonable" is difficult to define, the Court noted it is an objective, rather than

subjective, standard and emphasized that there is a critical difference between an unreasonable application of federal law and a merely "incorrect" or "erroneous" application of federal law. *Neal v. Puckett*, 239 F.3d 683, 687 (5th Cir. 2001) (citing *Williams*, U.S. 362 at 412-13).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fair minded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). A federal habeas court must determine what theories or arguments supported, or could have supported, that state court's decision. If a decision by a state court is silent as to the reasons for the denial, a federal habeas court can "look through" the decision and evaluate the last reasoned state court decision. *Bledsue v. Johnson*, 188 F.3d 250, 256 (5th Cir. 1999).[3] Then, the federal habeas court must ask whether it is possible that fair minded jurists could disagree that the arguments or theories are inconsistent with the holding in a prior decision of the Supreme Court. *Harrington*, 131 S. Ct. at 786. Even a strong case for relief does not mean the state court's contrary conclusion was unreasonable. *Id*. (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)).

This standard is very difficult to meet. "As amended by AEDPA, § 2254(d) stops short of the imposing a complete bar on federal court litigation of claims already rejected

---

[3] The TCCA has explained a "denial" signifies the Court addressed and rejected the merits of a particular claim while a "dismissal" means the Court has declined to consider the claim for reasons unrelated to the claim's merits. *Bledsue*, 188 F.3d at 257 (citing *Ex parte Thomas*, 953 S.W.2d 286, 289 (Tex. Crim. App. 1997)).

in state proceedings…It preserves authority to issue the writ in cases where there is no possibility fair minded jurists could disagree that the state court's decision conflicts with this Court's precedents.  It goes no farther." *Harrington*, 131 S. Ct. at 786.  "[A] state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair minded disagreement." *Id.* at 786-787.

A state court's factual findings are presumed to be correct and a petitioner has the burden of rebutting the presumption with clear and convincing evidence.  *Garcia v. Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006).  This deference extends not only to express findings of fact, but to the implicit findings of the state court.  *Id*.  In addition, "where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Harrington*, 131 S. Ct. at 784.

## IV.    PETITIONER'S ALLEGATIONS OF ERROR

Petitioner was arrested after he was found in possession of cocaine and just under $10,000.00 in cash by Officer Troy Gilliam who initiated a traffic stop and search of Petitioner and Petitioner's vehicle in which Petitioner was a passenger.  *Hammons*, 2017 WL 219114, at *1.

Petitioner raises several grounds for relief as follows:

1. The trial court erred by failing to suppress evidence from the search as the police officer's testimony regarding Petitioner's consent to search was conflicting, inconsistent and hearsay;

2. He was unlawfully detained because Officer Gilliam never informed him he had the right to refuse consent or to leave during the police questioning;

3. His trial counsel was ineffective for failing to:

   (a) Object to Officer Gilliam's inconsistent statements regarding Petitioner's consent to search

   (b) Request a limiting instruction on the money in his possession being used as evidence as the money was withdrawn from a financial institution; and

   (c) Inform him the charges had been changed before the trial began rather than the day of trial.

4. The prosecution was malicious because he was not offered a plea bargain and the prosecution sought enhancement of his sentence.

5. Officer Gilliam illegally targeted Petitioner before the traffic violation because he pulled into an empty parking lot to watch Petitioner's vehicle prior to making the traffic stop before the violation occurred.

(D.E. 1, Pages 6-7 and 11).   The undersigned recommends each of these arguments is procedurally barred and/or without merit, as discussed below.

## V.    DISCUSSION

### A.    Statements of Error One, Two and Five:  Fourth Amendment Claims

In his first, second and fifth statement of error, Petitioner asserts claims under the Fourth Amendment, specifically that the evidence from the search at the traffic stop should have been suppressed, he was illegally detained during the traffic stop and he was unlawfully targeted by police.   However, federal courts are generally barred in habeas corpus proceedings from reviewing a state court's application of Fourth Amendment claims unless a petitioner was denied a full and fair opportunity to litigate these claims in state court.   *Stone v. Powell*, 428 U.S. 465, 494 (1976) ("[W]here the State has provided

an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."); *Moreno v. Dretke*, 450 F.3d 158, 167 (5th Cir. 2006) (same). Even if a Petitioner fails to take advantage of the opportunity to litigate a motion to suppress or assert Fourth Amendment claims, the fact the opportunity exists suffices for the *Stone* bar to apply. *Janecka v. Cockrell*, 301 F.3d 316, 320-21 (5th Cir. 2002).

Petitioner argues his Fourth Amendment claims are not barred by *Stone* because he was not afforded an opportunity for full and fair litigation of these claims as his lawyer did not know what charges the prosecution was going to proceed with until the day of trial. (D.E. 18, Page 3). However, carefully reviewing the record in this case, the undersigned recommends Petitioner was afforded sufficient opportunity for full and fair litigation of these claims to trigger the *Stone* bar as Petitioner's counsel unsuccessfully sought to suppress the search prior to trial and Petitioner raised these allegations in both his PDR and in his state habeas application, which the TCCA refused and denied. (D.E. 12-28; D.E. 12-38 and D.E. 12-39; and *Hammons*, 2017 WL 219114, at *1-2). To the extent Petitioner argues the TCCA erred in deciding these claims, "errors in adjudicating Fourth Amendment claims are not an exception to *Stone*'s bar." *Moreno*, 450 F.3d at 167 (citations omitted). While Petitioner expresses discontent with the unfavorable result, he has failed to demonstrate he had no meaningful opportunity for review of his Fourth Amendment claims in Texas state court and therefore, his Fourth Amendment claims are barred from consideration by this Court and should be dismissed. Additionally, to the

extent Petitioner alleges violations of state law related to these three claims, "federal habeas corpus relief does not lie for errors of state law" as "a federal court is limited to deciding whether a conviction violated the Constitution, law, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (citations omitted).  The focus is on whether the admission of evidence violated a petitioner's federal constitutional rights. *Id.*; *Barnes v. Stephens*, No. H-15-0815, 2016 WL 592841, at *7 (S.D. Tex. Feb. 11, 2016) ("A federal habeas corpus court does not sit as a super state supreme court for review of issues decided by state courts on state law grounds.") (citation omitted). Therefore, the undersigned recommends federal habeas corpus relief is unavailable for these three claims.

### B.     Statement of Error Three:  Ineffective Assistance of Counsel

Petitioner next alleges, as he did in his unsuccessful state habeas application, that he received ineffective assistance of counsel because his counsel failed to object to Officer Gilliam's inconsistent statements regarding his consent to search, failed to request a limiting instruction on the approximately 10,000.00 in cash being used as evidence, and failed to inform him that the charges had been changed before the trial began rather than the day of trial.  For the reasons stated below, the undersigned recommends these claims also fail.

The Sixth Amendment guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal.  To prevail on an ineffective assistance of counsel claim, a petitioner must meet the two-prong test set out in *Strickland v. Washington*.  466 U.S. 668 (1984).  Petitioner must show counsel's performance fell below an objective

standard of reasonableness and that deficient performance prejudiced the defense. *Id.* at 687-88. To be cognizable under *Strickland*, trial counsel's error must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. at 687. Petitioner must prove he was prejudiced by his attorney's substandard performance, which "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id*. Petitioner then "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. "The likelihood of a different result must be substantial, not just conceivable." *Harrington*, 131 S. Ct. at 792.

Judicial scrutiny of counsel's performance must be highly deferential and a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. A petitioner "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance, while recognizing that "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. A court must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. It is "all too tempting" to "second-guess counsel's assistance after conviction or adverse sentence." *Id.* at 689. The question is whether an

attorney's representation amounted to incompetence under "prevailing professional norms." *Id*. at 690.

An ineffective assistance of counsel claim raised in a habeas petition must therefore be analyzed under both the *Strickland* and § 2254(d) standards. As these standards are both highly deferential, when the two apply in tandem, judicial review is "doubly" so. *Harrington*, 131 S. Ct. at 788 (citations omitted). The federal habeas court asks not whether defense counsel's performance fell below *Strickland*'s standard, but whether the state court's application of the *Strickland* standard was unreasonable. *Id*. at 785. "Under AEDPA…it is a necessary premise that the two questions are different." *Id*. Because the *Strickland* standard is a general one, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard. *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (citing *Yarborough*, 541 U.S. at 664). Thus, where § 2254(d) applies to a *Strickland* claim, habeas relief is appropriate only when the petitioner shows there is no reasonable argument that counsel's performance satisfied *Strickland*'s deferential standard. *McCoskey v. Thaler*, 478 F. App'x 143, 152 (5th Cir. 2012).

As to the alleged inconsistent statements on the issue of consent, Petitioner has failed to sufficiently identify which portion of Officer Gilliam's testimony was inconsistent other than to allege his was generally inconsistent on the issue of Petitioner's

consent.[4]  (D.E. 1 Pages 6-7 and D.E. 18, Pages 4 and 7).  However, the undersigned reviewed Officer Gilliam's complete trial testimony on the issue of Petitioner's consent and found no inconsistencies as alleged by Petitioner.  On direct examination, Officer Gilliam testified he asked Petitioner for consent to search the vehicle and obtained Petitioner's consent.  (D.E. 12-29, Pages 52-53).  Officer Gilliam then testified he asked Petitioner to step outside the vehicle and Petitioner stepped outside the vehicle.  (D.E. 12-29, Page 53).  Officer Gilliam further testified he asked Petitioner if he could conduct a pat down for officer safety and Petitioner consented.  (D.E. 12-29, Pages 53-54).  After feeling lumps in both of Petitioner's pockets, Officer Gilliam testified he asked Petitioner about the contents, was told it was cash and he asked Petitioner if he "would mind" removing the contents of his pockets and Petitioner then removed the contents.  (D.E. 12-29, Pages 54-55).  Officer Gilliam then testified he asked, not commanded, Petitioner to open containers that were also in his pocket and Petitioner opened the containers, which he alleged were not his.  (D.E. 12-29, Page 57).  Officer Gilliam testified the containers contained a white rocklike substance and when he asked Petitioner what it was, Petitioner stated it was dope.  (D.E. 12-29, Page 57).  The substance later tested positive for cocaine and Petitioner was then arrested.  (D.E. 12-29, Page 60).  This testimony is not inconsistent as alleged by Petitioner.  The undersigned has also reviewed Officer Gilliam's testimony at the hearing on the Motion to Suppress.  His testimony is consistent

---

[4]*Stone* does not bar a Sixth Amendment ineffective assistance of counsel claim on habeas review based on an attorney's failure to adequately litigate a Fourth Amendment claim.  *Kimmelman v. Morrison*, 477 U.S. 365, 382-83 (1986).

with his trial testimony. (D.E. 12-28, Pages 47-52 and 60-64).[5]  Further, Petitioner has not identified what objection his counsel should have made to Officer Gilliam's testimony and further has failed to show that any such objection would have been successful.  The Fifth Circuit has refused to find ineffective assistance of counsel where counsel failed to make an objection that would have been meritless.  *Turner v. Quarterman*, 481 F.3d 292, 298 (5th Cir. 2007); *see also Lavernia v. Lynaugh,* 845 F.2d 493, 499 (5th Cir. 1988) ("Counsel cannot be faulted for failing to pursue meritless motions.") (citations omitted).

Petitioner further alleges his counsel was ineffective by failing to request a limiting instruction on the approximately $10,000.00 in cash in his possession being used as evidence of illegal drug activity because the money was allegedly withdrawn from his bank account.  However, requesting a limiting instruction would have further highlighted Petitioner's possession of these funds.  As cited by Respondent, the money was admissible as relevant evidence supporting the state's allegation that Petitioner

---

[5]Even if there were inconsistent statements, the decision on whether or not to impeach Officer Gilliam's testimony is a matter of trial strategy.  A decision regarding whether to attempt to impeach a witness "is a matter which calls on counsel's professional judgment and requires him to balance a number of factors, including but not limited to the relative importance of the perceived inconsistencies, the likelihood of whether a witness can explain those inconsistencies, and the possible alienation of jurors by endless disputes concerning what they may consider ultimately inconsequential and time-consuming issues." *Laugand v. Cain*, No. 06-5269, 2007 WL 3275127, at *7 (E.D. La. Nov. 6, 2007) ("[C]hoices regarding impeachment are generally ones of trial strategy and are not to be lightly second-guessed in a federal habeas corpus proceeding.") Given the required deference to counsel's reasonable professional judgment and having reviewed Officer's Gilliam's testimony, the undersigned recommends Petitioner's claim that his counsel was ineffective for failing to impeach Officer Gilliam's inconsistent statements fails.

intentionally possessed a controlled substance.  *Evans v. State*, 202 S.W.3d 158, 162 n. 12 (Tex. Crim. App. 2006) (An "affirmative link" to sufficiently establish the possession of contraband is a defendant's possession of a large amount of cash).  The fact that Petitioner had an alternative explanation for possession of such a large sum does not render it inadmissible or necessarily qualify it for a limiting instruction.  Petitioner's counsel did offer Petitioner's alternative reasoning during the cross-examination of Officer Gilliam, questioning him about Petitioner's possession of a large amount of cash. (D.E. 12-29, Pages 83-84).  Specifically, Officer Gilliam testified Petitioner told him the cash, which included his income tax refund, was to purchase land and as Petitioner told him he was staying in a hotel, Officer Gilliam found it possible Petitioner carried his valuables with him all rather than leaving them in a hotel room.  (D.E. 12-29, Pages 83-84).  On redirect, Officer Gilliam testified Petitioner and his passenger did not give consistent statements as each identified a different location for the land purchase.  (D.E. 12-29, Page 85).  Further, Petitioner's counsel elicited testimony from Petitioner's friend, Regina Preston, that Petitioner intended on purchasing land around the time he was arrested and part of the funds was from Petitioner's income tax refund.  (D.E. 12-29, Pages 117-120).  However, on cross-examination, Ms. Preston testified there was no specific timeline to purchase land and no particular land had been selected.  (D.E. 12-29, Pages 120-121).  In short, requesting a limiting instruction would most likely have been unsuccessful, would have highlighted inconsistent testimony and Petitioner's possession of such a large sum.[6]  Petitioner has failed to overcome the presumption that his counsel

---

[6]"Judicial scrutiny of counsel's performance must be highly deferential.  It is all too tempting for

made this decision using "reasonable professional judgment." *Strickland*, 466 U.S. at 690.

Petitioner lastly alleges his counsel was ineffective because Petitioner was not informed that the charges had been changed before the trial began. However, the State announced its intent to seek a lesser-included offense on the first day of trial. (D.E. 12-27, Page 4). Therefore, Petitioner fails to show how counsel could have informed him earlier or how he was prejudiced.

Upon review of Petitioner's claims of ineffective assistance of counsel and the evidence in the record, the undersigned recommends Petitioner has not shown counsel's performance fell below an objective standard of reasonableness and that deficient performance prejudiced his defense. Further, the undersigned recommends Petitioner has failed to show the state court's determination was contrary to, or involved an unreasonable application of federal law, or was an unreasonable determination of the facts based on the evidence in the record.

---

a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distort effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." *Strickland*, 466 U.S. at 689 (citations omitted).

### C.      Statement of Error Four:  Vindictive Prosecution

Petitioner alleges, as he did in his state habeas application, that the prosecution was malicious and vindictive because he was not offered a plea bargain and the prosecution sought enhancement of his sentence.  However, the record shows Petitioner originally pleaded guilty to possession of a controlled substance, receiving a ten-year sentence as part of plea bargain.  (D.E. 11-1, Pages 5-6; D.E. 12-23, Pages 4-5 and D.E. 12-24, Pages 37-38).  He then filed a successful motion for a new trial.  (D.E. 11-1, Pages 7-19).  Petitioner was admonished by the trial court and counsel that if his motion for a new trial was granted, his criminal case would start over, any prior plea bargain would be void and the State would move forward with prosecution for possession, manufacture and delivery before a jury.  (D.E. 11-1, Pages 16-19; D.E. 12-23, Page 8; and D.E. 12-24, Pages 14, 30 and 39).  The trial court and counsel further repeatedly explained the State had previously filed a notice of intent to enhance before Petitioner pleaded guilty and that his possible sentence with enhancements carried a punishment range of 25 years to life imprisonment.  (D.E. 11-1, Pages 10, 16-19; D.E. 12-23, Page 8; and D.E. 12-24, Pages 34 and 39-40).  Petitioner acknowledged this and chose to proceed with the motion for a new trial.  (D.E. 11-1, Pages 16-19; D.E. 12-23, Page 8 and D.E. 12-24, Pages 39-40).  Therefore, the record does not support Petitioner's allegations and, accordingly, the undersigned recommends Petitioner has failed to show the state court's determination was contrary to, or involved an unreasonable application of federal law, or was an unreasonable determination of the facts based on the evidence in the record.

## VI.     RECOMMENDATION

For the reasons stated above, the undersigned respectfully recommends Petitioner's case be **DISMISSED** and Respondent's Motion for Summary Judgment be **GRANTED**.  (D.E. 11).

ORDERED this 6th day of August, 2020.

Jason B. Libby
United States Magistrate Judge

<u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).