United States District Court
Southern District of Texas
**ENTERED**
March 30, 2021
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## VICTORIA DIVISION

| | | |
|---|---|---|
| **GLENWOOD TYRON HAMMONS,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | CIVIL ACTION NO. 6:19-cv-00061 |
| | § | |
| **LORIE DAVIS,** | § | |
| | § | |
| **Respondent.** | § | |

### ORDER ACCEPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is the Memorandum and Recommendation ("M&R") signed by Magistrate Judge Jason B. Libby on August 6, 2020. (Dkt. No. 21). In the M&R, Magistrate Judge Libby recommends granting Respondent Lorie Davis's ("Davis") Motion for Summary Judgment and dismissing Petitioner Glenwood Tryon Hammons's ("Hammons") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254 as "procedurally barred and/or without merit." (*Id.* at 7).

Hammons was provided proper notice and the opportunity to object to the proposed findings and recommendations. *See* 28 U.S.C. § 636(b)(1); General Order No. 2002-13, art. IV. Timely objections were filed. (Dkt. No. 25). As a result, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).

The Court has reviewed *de novo* the M&R, the objections, the record, and the applicable law. After a careful review, the Court **ACCEPTS** the M&R as this Court's Memorandum and Order. The Motion for Summary Judgment is **GRANTED**. Accordingly, the Court **DISMISSES** Hammons's Petition.

## I.       BACKGROUND

Hammons was arrested by Officer Troy Gilliam ("Officer Gilliam") after a traffic stop during which Hammons was found in possession of cocaine and just under $10,000.00 of cash. (*See* Dkt. No. 12-3 at 1–3).  On May 16, 2014, Hammons was charged with possession with intent to deliver cocaine.  (*Id.* at 3).  Hammons originally pled guilty to the charge under a plea agreement. (Dkt. No. 11-1 at 5–6; Dkt. No. 12-23 at 4–5; Dkt. No. 12-24 at 37–38).  Hammons later changed his mind and moved for a new trial, which the trial court granted on March 27, 2015.  (Dkt. No. 11-1 at 7–19).  At the start of this trial—and before jury selection—the prosecution amended the indictment to drop the charge against Hammons from possession with intent to deliver a substance to simple possession of a controlled substance.  (Dkt. No. 12-3 at 3; *see* Dkt. No. 12-27 at 4, 12). On August 11, 2015, Hammons was convicted of possession of a controlled substance and sentenced to 25 years imprisonment.  (Dkt. No. 12-20 at 73–75).

Hammons appealed, alleging that Officer Gilliam's search was unconstitutional because Officer Gilliam lacked reasonable suspicion to extend the traffic stop and search his car and person for drugs.  (Dkt. No. 12-3 at 4). The Thirteenth Court of Appeals affirmed his conviction and sentence on January 19, 2017.  (*Id.* at 2, 5) (Dkt. No. 12-4).  Hammons then submitted a petition for discretionary review ("PDR") to the Texas Court of Criminal Appeals ("TCCA") which was denied.  *See Hammons v. State*, No. 13-15-00419-CR, 2017 WL 219114 (Tex. App. – Corpus Christi–Edinburg, Jan. 19, 2017, pet. ref'd) ("Discretionary Review Refused February 7, 2018"). Hammons later filed a state writ of habeas corpus, repeating his unconstitutional search allegations and adding ineffective assistance of counsel and malicious prosecution claims.  (Dkt. No. 12-39 at 10–19).  The TCCA denied the writ without a written order on June 6, 2018.  (Dkt. No. 12-38; *see also* Dkt. No. 12-39 at 24).

On August 13, 2018, Hammons filed this Petition containing the same claims from his state writ. (Dkt. No. 1 at 6–7). Davis filed a Motion for Summary Judgment with Brief in Support on September 25, 2019. (Dkt. No. 11). Hammons filed a Response on January 10, 2020. (Dkt. No. 18). The matter was reassigned to this Court on July 6, 2020, (Dkt. No. 19) and referred to Magistrate Judge Libby on July 23, 2020, (Dkt. No. 20). On August 6, 2020, Magistrate Judge Libby recommended denying Hammons's Petition. (Dkt. No. 21). Hammons timely filed his objections on September 1, 2020.[1] (Dkt. No. 25).

## II.   LEGAL STANDARDS

When objections are filed to part of a magistrate judge's recommendation, a district court must conduct a *de novo* review. 28 U.S.C. § 636(b)(1)(C). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," and "may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* Relevant here, "[a] document filed *pro se* is to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (internal quotation omitted).

### A.   SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A material fact is one that might affect the outcome of the suit under governing law," and "a fact issue is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Renwick v. PNK Lake Charles, L.L.C.*, 901 F.3d 605, 611 (5th Cir. 2018) (quotations omitted).

---

[1]   Because of an Order granting Hammons an extension of time to file objections, Hammons had until September 17, 2020 to object to the M&R. (Dkt. No. 23).

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion" and identifying the record evidence "which it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2253, 91 L.Ed.2d 265 (1986). "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response." *United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*per curiam*)).

If the movant meets this burden, the nonmovant must then come forward with specific facts showing there is a genuine issue for trial. Fᴇᴅ. R. Cɪᴠ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). The nonmovant must "go beyond the pleadings and by [the nonmovant's] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Nola Spice Designs, LLC v. Haydel Enters., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015) (quoting *EEOC v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2014)). "The nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim." *Johnson v. Deep E. Texas Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004). "If the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S. Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). The nonmovant's burden "will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (quoting *Little*, 37 F.3d at 1075). Hearsay evidence and unsworn documents that cannot be presented in a form that would be admissible in evidence at trial do not

qualify as competent opposing evidence.  FED. R. CIV. P. 56(c)(2); *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987).  For evidence to be admitted, the materials "need only be *capable* of being 'presented in a form that would be admissible in evidence.'"  *LSR Consulting, LLC v. Wells Fargo Bank, N.A.*, 835 F.3d 530, 534 (5th Cir. 2016) (emphasis in original) (quoting FED. R. CIV. P. 56(c)(2)).

In reviewing a motion for summary judgment, the district court must view the evidence in a light most favorable to the nonmovant.  *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997).  This means that factual controversies are to be resolved in the nonmovant's favor, "but only when . . . both parties have submitted evidence of contradictory facts."  *Little*, 37 F.3d at 1075.  The Court is not obligated to search the record on the nonmovant's behalf for evidence which may raise a fact issue.  *Topalian v. Ehrman*, 954 F.2d 1125, 1137 n.30 (5th Cir. 1992).

### B.    AEDPA STANDARD OF REVIEW

If a state prisoner has presented his federal constitutional claims to the state courts in a procedurally proper manner and the state courts have adjudicated their merits, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides for a deferential federal review. "[T]ime and again," the Supreme Court "has instructed that AEDPA, by setting forth necessary predicates before state-court judgments may be set aside, 'erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court.'"  *White v. Wheeler*, 577 U.S. 73, 76–77, 136 S.Ct. 456, 460, 193 L.Ed.2d 384 (2015) (quoting *Burt v. Titlow*, 571, U.S. 12, 19, 134 S.Ct. 10, 16, 187 L.Ed.2d 348 (2013)).  Under AEDPA's rigorous standard of review, a petitioner may secure federal habeas relief only after showing that the state court's rejection of his claim was either (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) was

"based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2).

Petitioners arguing legal error in state court decisions must comply with § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses. *See Bell v. Cone*, 535 U.S. 685, 694, 122 S.Ct. 1843, 1850, 152 L.Ed.2d 914 (2002). "A state court's decision is deemed contrary to clearly established federal law if it reaches a legal conclusion in direct conflict with a prior decision of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Gray v. Epps*, 616 F.3d 436, 439 (5th Cir. 2010) (citations omitted). To constitute an "unreasonable application of" clearly established federal law, a state court's holding "must be objectively unreasonable, not merely wrong; even clear error will not suffice." *Woods v. Donald*, 575 U.S. 312, 316, 135 S.Ct. 1372, 1376, 191 L.Ed.2d 464 (2015) (quoting *White v. Woodall*, 572 U.S. 415, 419, 134 S.Ct. 1697, 1702, 152 L.Ed.2d (2014)). In contrast to "ordinary error correction through appeal," AEDPA review exists only to "guard against extreme malfunctions in the state criminal justice systems." *Id*. at 316, 135 S.Ct. at 1376 (quotation omitted). A petitioner "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Woodall*, 572 U.S. at 419–20, 134 S.Ct. at 1702 (quoting *Harrington v. Richter*, 562 U.S. 86, 103, 131 S.Ct. 770, 786–87, 178 L.Ed.2d 624 (2011)). "If this standard is difficult to meet, that is because it was meant to be." *Harrington*, 562 U.S. at 102, 131 S.Ct. at 786.

A petitioner challenging the factual basis for a state decision must show that it was an "unreasonable determination of the facts in light of the evidence." 28 U.S.C. § 2254(d)(2). "[A] state-court factual determination is not unreasonable merely because the federal habeas court

would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290,

301, 130 S.Ct. 841, 849, 175 L.Ed.2d 738 (2010).  State court findings are "presumed to be correct"

unless the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence."

28 U.S.C. § 2254(e)(1).

Generally, federal courts presume that "[w]here there has been one reasoned state judgment

rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same

claim rest upon the same ground." *Ylst v. Nunnemaker*, 501 U.S. 797, 803, 11 S.Ct. 2590, 2594,

115 L.Ed.2d 706 (1991); *see also Jackson v. Johnson*, 194 F.3d 641, 651 (5th Cir. 1999) ("When

faced with a silent or ambiguous state habeas decision, the federal court should 'look through' to

the last clear state decision on the matter.").  Thus, when the TCCA summarily rejects a prisoner's

claim, federal courts can "ignore—and hence, look through—an unexplained state court denial and

evaluate the last reasoned state court decision." *Bledsue v. Johnson*, 188 F.3d 250, 256 (5th Cir.

1999).  AEDPA requires federal courts to defer to a state court's summary decision to deny relief.

*See Harrington*, 562 U.S. at 99, 131 S.Ct. at 784–85, 185 L.Ed.2d 105; *see also Johnson v.

Williams*, 568 U.S. 289, 299, 133 S.Ct. 1088, 1095 (2013) (observing that AEDPA deference is

proper even in "instances in which a state court may simply regard a claim as too insubstantial to

merit discussion").

With the foregoing standards in mind, the Court now reviews the M&R and Hammons's

objections.

## III.   REVIEW OF THE OBJECTIONS

In his Petition, Hammons raised the following five grounds for habeas relief:

1.      The trial court erred by failing to suppress evidence from the search because
        Officer Gilliam's testimony regarding Petitioner's consent to search was
        conflicting, inconsistent, and hearsay;

2.      He was unlawfully detained because Officer Gilliam never informed him he had the right to refuse consent or to leave during the police questioning;

3.      His trial counsel was ineffective for failing to:

      a.      Object to Officer Gilliam's inconsistent statements regarding Petitioner's consent to search;

      b.      Request a limiting instruction on the money in his possession being used as evidence as the money was withdrawn from a financial institution; and

      c.      Inform him the charges had been changed before the trial began rather than the day of trial.

4.      The prosecution was malicious because he was not offered a plea bargain and the prosecution sought enhancement of his sentence.

5.      Officer Gilliam illegally targeted Petitioner before the traffic violation because he pulled into an empty parking lot to watch Petitioner's vehicle prior to making the traffic stop before the violation occurred.

(Dkt. No. 1 at 6–7, 11; Dkt. No. 18 at 2).  Magistrate Judge Libby recommended dismissal of all of Hammons's claims.  (Dkt. No. 21).  Hammons objects to this disposition, arguing that the recommendations were in error.  (Dkt. No. 25).  The Court now turns to each of the M&R's recommendations and Hammons's corresponding objections below.

A.    FOURTH AMENDMENT CLAIMS

With respect to grounds one, two, and five, which essentially are—as the M&R notes— Fourth Amendment claims, Magistrate Judge Libby recommended they be dismissed since Hammons "was afforded sufficient opportunity for full and fair litigation of these claims" in state court which would bar a federal court's review of the claims pursuant to *Stone v. Powell*, 428 U.S. 465, 494, 96 S.Ct. 3037, 3052, 49 L.Ed.2d 1067 (1976).  (Dkt. No. 21 at 8).  Magistrate Judge Libby found that the record reflects Hammons was given an opportunity to litigate these Fourth Amendment claims because his counsel "sought to suppress," albeit "unsuccessfully," the allegedly unconstitutional search about which Hammons now complains, and Hammons himself

"raised these allegations in both his PDR and in his state habeas application, which the TCCA refused and denied." (*Id.*). Insofar as Hammons challenges the TCCA's decision, the M&R noted that "errors in adjudicating Fourth Amendment claims are not an exception to *Stone*'s bar." (*Id.*) (quoting *Moreno v. Dretke*, 450 F.3d. 158, 167 (5th Cir. 2006)). Further, to the extent Hammons alleges violations of state law related to these three claims, the M&R provides, "federal habeas corpus relief does not lie for errors of state law," since a federal court is limited to deciding whether a conviction violates *federal* law. (*Id.* at 9) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67–68, 112 S.Ct. 275, 480, 116 L.Ed.2d 385 (1991)).

Hammons objects, arguing that, contrary to Magistrate Judge Libby's findings, his Fourth Amendment claims are not barred by *Stone* because he never had an opportunity to fully and fairly litigate the claims in state court. (Dkt. No. 25 at 1). Hammons argues that such an opportunity was not provided to him because he was not aware that the trial was, as he alleges, solely for possession of a controlled substance—"a simple Possession charge"—and not for "Manufacture & Delivery" of a controlled substance, the original charge the prosecution brought against him in the indictment. (*Id.* at 1–2; Dkt. No. 12-27 at 4).[2] Hammons contends that both he and his counsel prepared for the "Manufacture & Delivery" charge, and they were made aware of the "Possession" charge only minutes before the trial started. (Dkt. No. 25 at 1). Hammons further claims that "the jury was selected for a trial on Manufacture & Delivery[,]" and his lawyer's own motion to suppress was filed solely "under Manufacture & Delivery."[3] (*Id.*).

---

[2]    At the start of the trial, the court and the prosecution noted that possession of a controlled substance is a lesser-included third-degree felony charge, as opposed to manufacture or delivery of a controlled substance which is a second-degree felony. (Dkt. No. 12-27 at 4, 6).

[3]    The record reflects that Hammons's allegation with regard to jury selection is incorrect. The prosecution announced its intention to pursue the "Possession" charge at the start of the first day of trial, before *voir dire* or jury selection took place. (*See id.* at 4, 12). Indeed, during *voir dire*, the jurors were

(continue)

"[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone*, 428 U.S. at 494, 96 S.Ct. at 3052 (footnote omitted). "Under *Stone*, Fourth Amendment violations are *generally* not cognizable on federal habeas, but they *are* cognizable when the State has failed to provide the habeas petitioner 'an opportunity for full and fair litigation of a Fourth Amendment claim.'" *Wallace v. Kato*, 549 U.S. 384, 395 n.5, 127 S.Ct. 1091, 1099 n.5, 166 L.Ed.2d 973 (2007) (emphasis in original) (quoting *Stone*, 428 U.S. at 482, 96 S.Ct. at 3046).

Here, the record shows that Hammons's counsel unsuccessfully moved to suppress the allegedly unconstitutional search prior to trial.  (Dkt. No. 12-28).  Whether the prosecution ultimately decided to pursue a lesser-included third-degree felony charge—possession of a controlled substance—rather than the second-degree felony charge of manufacture or delivery of a controlled substance is of no moment.  As his unsuccessful motion to suppress demonstrates, Hammons and his attorney were well aware that the prosecution, regardless of the specific charge it chose to pursue, would use evidence gathered from Hammons's encounter with Officer Gilliam where the Officer found him in possession of drugs.[4]  (*Id.*).  The trial court's decision on that motion to suppress was subsequently affirmed by the appellate court.  (Dkt. Nos. 12-3, 12-4).  Hammons himself unsuccessfully raised these Fourth Amendment claims in his state writ, giving

---

asked specifically about their perspectives on prosecuting people who were allegedly in possession of drugs. (*See id.* at 28–29, 33, 83).  The trial court also told the prospective jurors that if the jury believes "beyond a reasonable doubt" that Hammons is guilty "of the offense charged *or a lesser offense* permitted under the instructions," it would be the jury's duty to return a guilty verdict.  (*Id.* at 16) (emphasis added).

        Hammons is similarly wrong about the motion to suppress.  The record reflects that the Court conducted a hearing on that motion *after* the prosecution announced its intention to pursue the lesser-included charge.  (*See id.* at 4, 7; Dkt. No. 12-26 at 6–8; Dkt. No. 12-28 at 7).

[4]    In fact, as noted in n.3 *supra*, Hammons's counsel argued the motion to suppress after the prosecution announced its intention to pursue the lesser-included charge.  (Dkt. No. 12-27 at 4, 7; Dkt. No. 12-26 at 6–8; Dkt. No. 12-28 at 7).

him another chance to argue that the search was unconstitutional.  (Dkt. Nos. 12-38, 12-39).  Thus, there is no genuine issue of material fact as to whether Hammons was given an opportunity to fully and fairly litigate his claims in state court.  He has undeniably been given multiple opportunities.  Accordingly, *Stone* bars Hammons's Fourth Amendment claims.

### B. INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM

Next, Magistrate Judge Libby recommended dismissal of ground three—ineffective assistance of counsel—because:

(1)   Hammons failed to identify which portion of Officer Gilliam's testimony was inconsistent, and a review of the Officer's complete trial testimony on the issue of consent raised no inconsistencies.  (Dkt. No. 21 at 11–12);

(2)   Requesting a limiting instruction on the $10,000.00 Hammons was in possession of when he was arrested "would most likely have been unsuccessful, would have highlighted inconsistent testimony and [Hammons'] possession of such a large sum." (*Id.* at 13–14); and

(3)   The record reflects that the prosecution announced its intent to seek a lesser-included offense on the first day of trial, an intention which Hammons's attorney could not have known the day before in order to inform Hammons.  (*Id.* at 15).

Magistrate Judge Libby concluded that Hammons "has not shown counsel's performance fell below an objective standard of reasonableness and that deficient performance prejudiced his defense."  (*Id.*).

Hammons objects to the M&R's holding that he did not identify which part of Officer Gilliam's testimony was inconsistent.  He explains that Officer Gilliam testified that he asked Hammons for consent to conduct a search.  (Dkt. No. 25 at 3).  But, in an apparent contradiction, Officer Gilliam also admitted that he could not "recall" if he asked or ordered Hammons to comply with the search.  (*Id.*).  Thus, Hammons concludes that Officer Gilliam offered inconsistent testimony that should have been inadmissible as hearsay, and that his counsel's failure to object to such testimony was neither "reasonable or professional," nor "sound trial strategy."  (*Id.*).

An ineffective assistance claim is properly analyzed under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  *See United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001).  "Surmounting *Strickland*'s high bar is never an easy task."  *Padilla v. Kentucky*, 559 U.S. 356, 371, 130 S.Ct. 1473, 1485, 176 L.Ed.2d 284 (2010).  "The standard for judging counsel's representation is a most deferential one."  *Harrington*, 562 U.S. at 105, 131 S.Ct. at 788.  To prevail on such a claim, a petitioner must demonstrate that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced the defense.  *Strickland,* at 466 U.S. at 687, 104 S.Ct. at 2064.  Regarding the first prong, to demonstrate deficient performance, the petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id.* at 689, 104 S.Ct. at 2065.  The question is whether an attorney's representation amounted to incompetence under "prevailing professional norms," not whether it deviated from best practices or most common custom.  *Id.* at 690, 104 S.Ct. at 2066.  With respect to the second prong, to prove that the petitioner was prejudiced, he must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."  *Id*. at 687, 104 S.Ct. at 2064. This means that the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694, 104 S.Ct. at 2068.  "The likelihood of a different result must be substantial, not just conceivable."  *Harrington*, 562 U.S. at 112, 131 S.Ct. at 792.  If the petitioner fails to prove one prong, it is not necessary to analyze the other.  *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994).

In the context of Section 2254 petitions, an ineffective assistance of counsel claim must be analyzed under *both* the *Strickland* and Section 2254(d) standards, which makes the petitioner's burden "all the more difficult."  *Harrington*, 562 U.S. at 105, 131 S.Ct. at 788.  As these standards

are both highly deferential, when the two apply in tandem, judicial review is "doubly" so. *Id.* (citations omitted). In such a case, a federal habeas court asks not whether defense counsel's performance fell below *Strickland*'s standard, but whether the state court's application of the standard was unreasonable. *Id.* at 101, 131 S.Ct. at 785; *see also Schriro v. Landrigan*, 550 U.S. 465, 473, 127 S.Ct. 1933, 1939, 167 L.Ed.2d 836 (2007) ("The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold."). As such, relief is given only when the petitioner shows there is no reasonable argument that counsel's performance satisfied the *Strickland* standards. *See Harrington*, 562 U.S. at 103–05; 131 S.Ct. at 786–88; *McCoskey v. Thaler*, 478 F. App'x 143, 152 (5th Cir. 2012). And since the *Strickland* standard is a general one, "a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Knowles v. Mirzayance*, 556 U.S. 111, 123, 129 S.Ct. 1411, 1420, 173 L.Ed.2d 251 (2009) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664, 124 S.Ct. 2140, 2149, 158 L.Ed.2d 938 (2004)).

Hammons first asserts that his counsel was ineffective because he failed to object to Officer Gilliam's allegedly inconsistent testimony. The Court disagrees because Gilliam's testimony was not inconsistent. During the hearing on the motion to suppress, Officer Gilliam answered, "I don't recall[,] I probably did" when asked about whether he could recall telling Hammons "I'm going to do a pat down for officer safety." (Dkt. No. 12-28 at 60). Officer Gilliam could also not recall the precise statement or question he pronounced when he asked Hammons to open the containers pulled out of Hammons's pocket. (*Id.* at 63–64). But those answers are not inconsistent with any of Officer Gilliam's statements with regards to his request to search Hammons. Officer Gilliam testified that, before conducting the search, he intended "to ask the owner, Mr. Hammons, for

consent to search the vehicle," and that he then asked for consent. (Dkt. No. 12-29 at 52–53). Officer Gilliam also testified that he asked Hammons about the contents of Hammons's pockets and if Hammons "would . . . mind" removing the contents. (*Id.* at 49–51). Officer Gilliam further stated that he did not order Hammons to raise his arms in preparation of a pat down, nor did he command Hammons to open two circular plastic containers that were removed from Hammons's pocket. (*Id.* at 47–52). Therefore, it was not inconsistent for Officer Gilliam to testify that he asked for consent, despite not remembering the precise words he used to ask.

Officer Gilliam's inability to recall what he said with specificity could have cast doubt on his overall testimony, but it does not make his testimony conflicting. Indeed, Officer Gilliam's "I don't recall" responses were to questions posed by *Hammons's own attorney*, most likely in an effort to attack the definitiveness of the presence of consent during the search. (*See* Dkt. No. 12-28 at 60–64). This means that, in essence, Hammons argues that his counsel was ineffective by successfully generating an arguably inconclusive answer from the prosecution's witness—the witness who conducted the very search Hammons and his counsel want to suppress. This argument is counterintuitive. Thus, the Court concludes that it was not unreasonable for the state court to find that Hammons failed to satisfy his burden under *Strickland*.

Hammons further argues that counsel was ineffective for failing to object to testimony as to the $10,000.00 found in his possession, and for failing to challenge the prosecutor's decision "to run the trial for simple Possession of Controlled Substance" when they prepared for "Manufacture & Delivery," because both of these choices "did not fall under sound trial strategy." (Dkt. No. 25 at 4). The Court finds these objections meritless. First, testimony that Hammons had $10,000.00 was admissible as evidence of Hammons's intention to possess a controlled substance. *See Evans v. State*, 202 S.W.3d 158, 162 n.12 (Tex. Crim. App. 2006) (finding an "affirmative

link" to sufficiently establish the possession of contraband where the defendant is also in possession of a large amount of cash); *Olivarez v. State*, 171 S.W.3d 283, 291 (Tex. App. – Houston 2005, no pet.) (same). Hammons's counsel, in this instance, "cannot be faulted for failing to pursue meritless motions," *Lavernia v. Lynaugh*, 845 F.2d 493, 499 (5th Cir. 1988), by failing to object or move for a limiting instruction.

As for Hammons's allegation that counsel allowed the prosecution to "run the [t]rial" for possession of a controlled substance as opposed to "Manufacture & Delivery," (Dkt. No. 25 at 4), Hammons does not cite to, and the Court cannot find, any case law, state rule, or criminal procedure that prohibits the prosecution from pursuing lesser-included offenses in an outstanding charge. Rather than relying on legal authority, Hammons merely offers the conclusory statement that "the likelihood of a different result if counsel had taken action" against the prosecution's inclusion of the possession charge "is extremely substantial." (*Id.*). Adding the lesser-included charge, by itself, did not change the outcome of the trial. Although, as noted earlier, "[a] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson*, 551 U.S. at 94, 127 S.Ct. at 2200 (internal quotation marks omitted), "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989) (citing *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983)). Thus, the state court was not unreasonable when it denied relief for Hammons's ineffective assistance of counsel claim.

## C.   MALICIOUS PROSECUTION CLAIM

Last, Magistrate Judge Libby recommended dismissal of ground four—the malicious prosecution claim—because the "record does not support" Hammons's allegations. (Dkt. No. 21 at 16). Hammons argued in his Petition that the prosecution was malicious and vindictive since he was not offered a plea bargain and the prosecution sought enhancement of his sentence. (*Id.*).

Contrary to Hammons's assertions, Magistrate Judge Libby found that Hammons originally pleaded guilty to possession of a controlled substance, receiving a ten-year sentence *as part of a plea bargain*.  (*Id.*).  But Hammons then filed a motion for a new trial, despite warnings from the trial court and counsel that a new trial would mean that "his criminal case would start over, any prior plea bargain would be void, and the State would move forward with prosecution for possession, manufacture and delivery before a jury."  (*Id.*).  The prosecution's intention to enhance Hammons's sentence even before Hammons originally pleaded guilty was "repeatedly explained" to him and "that his possible sentence with enhancements carried a punishment range of 25 years to life imprisonment."  (*Id.*).  Hammons chose to proceed with the motion nonetheless.  (*Id.*).

Hammons now objects, calling the M&R's findings "untrue and misleading" since the original plea bargain was for "Intent to Deliver[,] [n]ot for simple Possession."  (Dkt. No. 25 at 4–5).  He argues that since possession of a controlled substance charge was included in the first day of trial, a plea bargain for that charge was never offered to him.  (*Id.*).

There is no freestanding constitutional right to be free from malicious prosecution. *Castellano v. Fragozo*, 352 F.3d 939, 945 (5th Cir. 2003).  Malicious prosecution generally occurs when someone instigates a criminal proceeding against an innocent person without probable cause or legitimate purpose.  *Id.*  Termination of the proceedings in favor of the defendant is a required element of the civil tort.  *Id.*  The plaintiff must also show that, among other things, the prosecutor acted with malice and that the proceedings damaged the innocent person who was charged.  *Izen v. Catalina*, 256 F.3d 324, 328 (5th Cir. 2001) (citing *Taylor v. Gregg*, 36 F.3d 453, 455 (5th Cir. 1994)).

Here, Hammons fails to establish any of the elements of a malicious prosecution claim.  He essentially uses the term "malicious prosecution" to complain about the prosecution's decision to

pursue the lesser-included charge against him and to forego offering him a plea bargain.  But "a defendant has no right to be offered a plea."  *Missouri v. Frye*, 566 U.S. 134, 148, 132 S.Ct. 1399, 1410, 182 L.Ed.2d 379 (2012).  It was well-within the prosecution's discretion to eschew plea bargaining after Hammons was granted a new trial.  *See Weatherford v. Bursey*, 429 U.S. 545, 561, 97 S.Ct. 837, 846, 51 L.Ed.2d 30 (1977) ("[T]he prosecutor need not [offer a plea agreement] if he prefers to go to trial.  It is a novel argument that constitutional rights are infringed by trying the defendant rather than accepting his plea of guilty.").  As such, the Court finds that Hammons's malicious prosecution claim is meritless.

## IV.    CONCLUSION

Based on the foregoing reasons, the Court **ACCEPTS** the M&R in its entirety as the opinion of the Court and **GRANTS** Davis's Motion for Summary Judgment.  Accordingly, the Court **DISMISSES** Hammons's petition pursuant to 28 U.S.C. § 2254.

It is SO ORDERED.

SIGNED this March 29, 2021.

**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**